UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-384-MOC
(3:11-cr-80-MOC-DSC-1)

| | |
|---|---|
| ZAVIER MARQUIS DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, [Doc. 1]. See also [Doc. 11] (Supplemental Memorandum).

I. BACKGROUND

Petitioner pleaded guilty, straight up, to attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); using a firearm in furtherance of a crime of violence, *i.e.*, Count One, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count Three). [3:11-cr-80 ("CR") Doc. 3]. The Court sentenced him to a total of 276 months' imprisonment followed by three years of supervised release for Counts One and Three, and five years of supervised release for Count Two, concurrent. [CR Doc. 24] (Judgment). Following the direct appeal, the term of imprisonment was reduced to a total of 141 months' imprisonment; the supervised release provisions were unchanged. [CR Doc. 42] (Amended Judgment).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 17, 2016,[1] as

---

[1] The Federal Public Defender was appointed to represent Petitioner in this action pursuant to Administrative Order No. 3:15-mc-196.

1

well as a Supplemental Memorandum. [Docs. 1, 11]. He argues that the § 924(c) conviction should be vacated because attempted Hobbs Act robbery is not a "crime of violence" pursuant to United States v. Johnson, 576 U.S. 591 (2015). [Id.]. Petitioner asks that the Court simply vacate Count Two unless the United States requests a resentencing hearing. [Doc. 11 at 3].

This case was stayed for several years pending developments in the case law. [Docs. 5, 10, 15]. Most recently, the matter was stayed pursuant to the Supreme Court's consideration of United States v. Taylor, which has now been resolved, 142 S.Ct. 2015 (2022). The Clerk will be instructed to lift the stay and reopen this case.

The United States has filed a Response agreeing that the § 924(c) conviction should be vacated, along with the five-year term of supervised release for that count. [Doc. 16]. It does not request a resentencing hearing.[2] [Id.]. The Petitioner has not replied, and the matter is now ripe.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and

---

[2] The United States notes that Petitioner was released from the Bureau of Prisons in April 2021, and that he is presently serving the concurrent term of supervised release.
2

governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

Petitioner contends that his § 924(c) conviction in Count Two should be vacated because the predicate offense of attempted Hobbs Act robbery does not qualify as a crime of violence in light of Johnson and its progeny.

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that attempted Hobbs Act robbery does not qualify categorically as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Taylor, 142 S.Ct. 2015 (2022).

The United States correctly agrees that, because Count Two was not supported by a valid predicate crime of violence, it must be vacated. Accordingly, Count Two will be vacated along with its five-year term of supervised release. The concurrent three-year terms of supervised release for Counts One and Three will remain unaltered.

The Clerk will be instructed, on the parties' consent, to issue an Amended Judgment

3

reflecting the vacatur of Count Two; all other terms and conditions of the Judgment will remain in effect.

## IV. CONCLUSION

Petitioner's Motion to Vacate [Doc. 1] is granted and Count Two is vacated.

**IT IS, THEREFORE, ORDERED** that:

1. The stay [Doc. 15] is **LIFTED**.

2. Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED**.

3. Petitioner's conviction on Count Two is **VACATED**.

4. The Clerk is directed to issue an Amended Judgment vacating Count Two; and to serve copies of this Order on the federal Bureau of Prisons, Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: August 31, 2022

Max O. Cogburn Jr
United States District Judge